1 | GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES SILVERSTEIN, ESQ. (State Bar #143543)
2 | HIELAM CHAN, ESQ. (State Bar #267321)
YARON & ASSOCIATES
3 | 601 California Street, 21st Floor
San Francisco, California 94108
4 | Telephone: (415) 658-2929
Facsimile: (415) 658-2930
5 | Email: gyaron@yaronlaw.com
        jsilverstein@yaronlaw.com
6 |     hchan@yaronlaw.com

7 | Attorneys for Defendant and Third-Party Plaintiff
ASKO APPLIANCES, INC.

8

9

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12

13 | ALLSTATE INSURANCE COMPANY,          )    CASE NO. 3:10-cv-01039-RS
                                         )
14 |              Plaintiff,             )    **STIPULATED AND PROPOSED**
                                         )    **CONFIDENTIALITY AGREEMENT**
15 |         v.                          )
                                         )
16 | ASKO APPLIANCES, INC., and DOES 1 to 20,.)
                                         )
17 |              Defendants.            )
    ─────────────────────────────────────)
18 |                                     )
    ASKO APPLIANCES, INC.,               )
19 |                                     )
                 Third-Party Plaintiff,  )
20 |                                     )
            v.                           )
21 |                                     )
    ASKO   CYLINDA   A.B.,   HONEYWELL)
22 | INTERNATIONAL, INC., and ELTEK S.p.A., )
                                         )
23 |          Third-Party Defendants.    )
    ─────────────────────────────────────)
24

25 |      Plaintiff, ALLSTATE INSURANCE COMPANY ("Plaintiff"), Defendant/Third-Party

26 | Plaintiff ASKO APPLIANCES, INC. ("ASKO"), and Third-Party Defendants, ELTEK S.p.A.

27 | ("ELTEK"), and HONEYWELL INTERNATIONAL INC. ("HONEYWELL"), (referred to herein

28 | individually as a "Party" and collectively as the "Parties"), hereby agree that the following rules

concerning confidentiality shall govern with respect to documents and information obtained during discovery in the above-captioned action:

1.    A Party may designate as confidential information any document or part thereof, or deposition testimony and transcripts of such testimony, or any other discovery, including the information contained therein, that is produced or otherwise made available through discovery in this action that such Party in good faith considers to contain or reflect a trade secret, confidential research or development, financial, commercial, or proprietary information which the producing party deems confidential.

2.    A Party may designate as confidential information any document or part thereof, or deposition testimony and transcripts of such testimony, or any other discovery, including the information contained therein, that is produced or otherwise made available through discovery in this action that such party considers or claims to be protected from disclosure by any confidentiality or nondisclosure agreement with any other person or entity.

3.    If a document or any other discovery is designated as containing confidential information, it shall be stamped "CONFIDENTIAL" by the Party disclosing same. If testimony is designated as containing confidential information, this statement shall be made on the record at the proceeding where the testimony is given. In addition, a Party may designate a document, deposition testimony, or any other discovery as containing confidential information by advising counsel of record in writing of such designation within five days after production of the discovery material or receipt of the deposition transcript. Such confidential information shall be treated as confidential from the time of such designation.

4.    Confidential information obtained through discovery in this action shall be used solely for the purpose of prosecuting or defending this action and shall not be disclosed to anyone except as authorized herein. Notwithstanding the foregoing, Confidential Information obtained

through discovery in this action may be used by a Party to this action in connection with any other action involving or arising out of a fire originating in an Asko series DW 95 dishwasher, provided that a Confidentiality Order has been executed and entered in such other action, and any person or party to whom the Confidential Information is or may be disclosed in such other action has executed a Confidentiality Agreement with substantially the same requirements as this Agreement.

5.    Confidential information shall be maintained in confidence by the person to whom such information is disclosed, and shall not be disclosed to any person except:

(a) the Court (including the jury);

(b) court reporters and videographers who record depositions or other testimony in this action;

(c) counsel of record in these proceedings for any party to the litigation, including their partners, associates, clerks, legal assistants, and other persons employed by such attorneys, all of whom shall be bound by the provisions of this agreement to the same extent as counsel of record;

(d) any employee of any Party after said person's name is disclosed to the other Party and after each such person has signed a Confidentiality Agreement in the form annexed as Exhibit A;

(e) any person consulted by a Party or its counsel, whether or not retained to assist in the preparation for, or the conduct of, the litigation, such as independent accountants, statisticians, economists or other technical experts, subject to the terms and conditions set forth in paragraph 6 below;

(f) any witness or prospective witness in this case, subject to the terms and conditions set forth in paragraph 6 below.

6.    All persons described in subparagraphs (e) and (f) of paragraph 5 above shall be

furnished confidential information only after they have agreed in writing, in the form annexed hereto as Exhibit A, to be bound by the terms of this Agreement. Copies of the aforementioned written agreements shall be served on all Parties.

7.     The Parties agree that they will comply with Local Rule 79-5 with respect to any information subject to confidential treatment in accordance with the terms of this Agreement.

8.     Nothing contained herein shall prevent a Party from disclosing its own confidential information as it deems appropriate, and any such disclosure shall not be deemed a waiver of that Party's rights or obligations under this Agreement.

9.     No provision of this Agreement obligates a party to produce any document or other discovery not otherwise subject to production under the Federal Rules of Civil Procedure.

10.     This Agreement shall remain in full force and effect unless and until replaced by another written agreement or otherwise modified in writing by all Parties or vacated by the Court.

11.     Counsel of record in this action shall ensure that all persons who use confidential information in this matter are apprised of the existence and the requirements of this Agreement and employ their best efforts to ensure that all such persons strictly comply with the provisions of this Agreement.

12.     The purpose of this Agreement is to facilitate discovery in these proceedings. Notwithstanding this Agreement, the Parties reserve the right to contest whether purported confidential information produced is entitled to the protections specified in the Federal Rules of Civil Procedure. While such an objection is pending, the confidentiality of the confidential information shall be maintained until the Court decides whether such protection is warranted. At any time during the course of this litigation, counsel for a Party, upon notice to all other Parties, may request the Court to modify or vacate this Agreement as to any designated confidential information.

13.     Upon final termination of this action, including all appeals therefrom, all documents

1 | (and all copies thereof and notes, abstracts or summaries made therefrom) obtained by any person
2 | under the provisions of this Agreement shall be returned to the disclosing party, unless some other
3 | disposition of same is mutually agreed to by all Parties. Notwithstanding anything herein to the
4 | contrary, counsel may retain their work product, copies of court filings, and official transcripts and
5 | exhibits, provided the confidential information contained in any retained documents therein will
6 | continue to be treated as provided herein.
7 |

8 | 14.    Nothing herein shall be construed to restrict any Party's use of information that is
9 | possessed or known prior to disclosure by the producing party, or is public knowledge, or is
10 | independently developed or acquired from an independent source.

11 | 15.    Each Party agrees that it would be impossible or inadequate to measure and calculate
12 | the damages from any breach of the covenants set forth in this Agreement. Accordingly, the parties
13 | agree that if one Party breaches or threatens to breach any of such covenants, the other Party will
14 | have available, in addition to any other right or remedy available, including monetary damages, the
15 | right to obtain an injunction from a court of competent jurisdiction restraining such breach or
16 | threatened breach and to specific performance of any such provision of this Agreement. The Parties
17 | further agree that no bond or other security shall be required in obtaining such equitable relief.

Dated: 12-22-2010

CULBRETH & SCHROEDER, LLP
By:  ERIC M. SCHROEDER, ESQ.
Attorneys for Plaintiff
2945 Ramco St.
West Sacramento, CA 95691
(916) 438-8300
Fax (916) 438-8306
E-mail: emschroeder@calsubro.com

1    Dated: 12/27/10

2                                              YARON & ASSOCIATES
                                               By:  GEORGE D. YARON, ESQ.
3                                              Attorneys for Defendant/Third-Party Plaintiff
                                               ASKO APPLIANCES, INC.
4                                              601 California St., 21st Floor
                                               San Francisco, CA 94108
5                                              (415) 658-2929
                                               Fax (415) 548-2930
6                                              E-mail: gyaron@yaronlaw.com

7

8    Dated: 12/22/10

9                                              LESTER SCHWAB KATZ & DWYER, LLP.
                                               By:  PAUL L. KASSIRER, ESQ.
10                                             Attorneys for Third-Party Defendant ELTEK, S.p.A.
                                               120 Broadway
11                                             New York, N.Y. 10271
                                               (212) 964-6611
12                                             E-mail: pkassirer@lskdnylaw.com

13

14

15   Dated: _____

16                                             BOWMAN AND BROOKE LLP
                                               By:  DAVID BUNGER, ESQ.
17                                             Attorneys for Third-Party Defendant HONEYWELL
                                               INTERNATIONAL INC.
18                                             1741 Technology Drive, Suite 200
                                               San Jose, CA 95110
19                                             (408) 279-5393
                                               Fax (408) 279-5845
20                                             E-mail: David.Bunger@sjo.bowmanandbrooke.com

21

22   APPROVED AND SO ORDERED:

23   Dated: _____

24                                             UNITED STATES DISTRICT JUDGE
                                               RICHARD SEEBORG
25

26

27

28

     Confidentiality Agreement                      6

1   Dated: _____

2                                        YARON & ASSOCIATES
                                         By:  GEORGE D. YARON, ESQ.
3                                        Attorneys for Defendant/Third-Party Plaintiff
                                         ASKO APPLIANCES, INC.
4                                        601 California St., 21st Floor
                                         San Francisco, CA 94108
5                                        (415) 658-2929
                                         Fax (415) 548-2930
6                                        E-mail:  gyaron@yaronlaw.com

7

8

9   Dated: _____

                                         LESTER SCHWAB KATZ & DWYER, LLP.
10                                       By:  PAUL L. KASSIRER, ESQ.
                                         Attorneys for Third-Party Defendant ELTEK, S.p.A.
11                                       120 Broadway
                                         New York, N.Y. 10271
12                                       (212) 964-6611
                                         E-mail: pkassirer@lskdnylaw.com
13

14

15  Dated: _January 5, 2011____         _____

16                                       BOWMAN AND BROOKE, LLP
                                         By:  DAVID BUNGER, ESQ.
17                                       Attorneys for Third-Party Defendant HONEYWELL
                                         INTERNATIONAL
18                                       1741 Technology Drive, Suite 200
                                         San Jose, CA 95110
19                                       (408) 279-5393
                                         Fax (408) 279-5845
20                                       E-mail: David.Bunger@sjo.bowmanandbrooke.com

21

22  APPROVED AND SO ORDERED:

23  Dated: _1/24/11_____         _____

24                                       UNITED STATES DISTRICT JUDGE
                                         RICHARD SEEBORG
25

26

27

28

Confidentiality Agreement                            6

1

**EXHIBIT A:**

2

**CONFIDENTIALITY AGREEMENT**

3
4
5

I have reviewed the Confidentiality Agreement (the "Agreement") in the matter entitled "Allstate Insurance Company, Plaintiff, vs. Asko Appliances, Inc., and Does 1 to 20, Defendants; and Asko Appliances, Inc., Third-Party Plaintiff, vs. Asko Cylinda A.B., Honeywell International Inc., and Eltek S.p.A., Third-Party Defendants".

6
7

I understand that, pursuant to the Agreement, information disclosed in this matter through discovery shall be held confidential pursuant to the terms of the Agreement. I hereby agree to maintain the confidentiality of all such confidential information in accordance with the terms of the Agreement.

8
9

Dated at _____,
this _____ day of _____ , 2010

10

11

Signature: _____

12

Printed Name: _____

13

Printed Address: _____

14

15

_____

16

17

18

19

20

21

22

23

24

25

26

27

28