UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ALLSTATE INSURANCE CO, | No. C 10-01039 LB |
| Plaintiff(s), | **ORDER RE: OCTOBER 19, 2011 DISCOVERY LETTER AND SETTING TELEPHONIC HEARING** |
| v. | |
| ASKO APPLIANCES INC, | |
| Defendant(s). | |

## I. INTRODUCTION

The parties in this insurance subrogation action were referred to this court for discovery purposes. Now, in accordance with this court's Standing Order, defendant and third party plaintiff ASKO Appliances, Inc. ("ASKO Appliances") and third-party defendant Eltek S.p.A. ("Eltek") have submitted a joint letter regarding the deposition of Eltek's designee under Federal Rule of Civil Procedure 30(b)(6). As explained below, the court (1) directs the parties to meet and confer once again and to submit a second joint letter and (2) sets a telephonic hearing on November 17, 2011 to discuss the matter with them.

## II. BACKGROUND

On March 6, 2007, a fire erupted at real property located at 208 Fairmont St., San Francisco, California. Joint Letter, ECF No. 77 at 1.[1] The property was insured by plaintiff Allstate Insurance

---
[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  Co. ("Allstate"), which paid the property owner $166,494.78 to cover the damages. *Id.* As a result,

2  Allstate became subrogated to the rights of the property owner to pursue reimbursement from all

3  parties responsible for the damages. *See* Allstate's Motion for Summary Judgment, ECF No. 70-11

4  at 2.[2] Allstate's subsequent investigation concluded that the fire originated inside of an Asko brand

5  Model 1385 dishwasher that was installed in the kitchen of the property at the time of the fire. *See*

6  *id.*

7  Allstate then filed the instant product liability action against ASKO Appliances, the distributor

8  of the dishwasher. Joint Letter, ECF No. 77. ASKO Appliances, in turn, filed a third-party

9  complaint against third-party defendants ASKO Cylinda A.B. ("ASKO Cylinda"), the manufacturer

10  of the dishwasher, and Eltek, the manufacturer of a wax motor found within the dishwasher, seeking

11  equitable indemnity, contribution, and declaratory relief.[3] First Amended Third-Party Complaint,

12  ECF No. 13. ASKO Appliances alleges that the fire originated, at least in part, from Eltek's wax

13  motor. *Id.* ¶ 12. Eltek filed counterclaims against ASKO Appliances and ASKO Cylinda seeking

14  equitable indemnification and contribution as well. Answer, ECF No. 25.

15  On July 11, 2011, Judge Seeborg referred all discovery matters in this case to this court.

16  Discovery Referral Order, ECF No. 58. In accordance with the procedures that are set forth in the

17  court's Standing Order, ASKO Appliances and Eltek submitted a joint letter seeking the court's

18  intervention in a discovery dispute. Joint Letter, ECF No. 77. The dispute, described below, is over

19  the timing and scope of Eltek's deposition.

20  <center>III. LEGAL STANDARD</center>

21  Federal Rule of Civil Procedure 30(a)(1) provides that, subject to certain limitations, "[a] party

22  may, by oral questions, depose any person, including a party, without leave of court . . . ." "In its

---

[2] ASKO Appliance's Notice of Removal, which should include the initial complaint, is not available for download from the ECF system. *See* Notice of Removal, ECF No. 1. Thus, for some basic background facts, the court will cite to Allstate's motion for summary judgment.

[3] ASKO Appliances also sued Honeywell International, Inc. ("Honeywell"), the manufacturer of a "door switch" found within the dishwasher and which ASKO Appliances also alleged to have caused the fire. First Amended Third-Party Complaint, ECF No. 13. Honeywell was later voluntarily dismissed and is no longer a party to this action. Voluntary Dismissal, ECF No. 69.

1  notice or subpoena, a party may name as the deponent a public or private corporation, a partnership,
2  an association, a governmental agency, or other entity and must describe with reasonable
3  particularity the matters for examination.  The named organization must then designate one or more
4  officers, directors, or managing agents, or designate other persons who consent to testify on its
5  behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P.
6  30(b)(6).

7  "On motion or on its own," however, "the court must limit the frequency or extent of discovery
8  otherwise allowed by these rules or by local rule if it determines that: (I) the discovery sought is
9  unreasonably cumulative or duplicative, or can be obtained from some other source that is more
10 convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample
11 opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the
12 proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in
13 controversy, the parties' resources, the importance of the issues at stake in the action, and the
14 importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

## IV.  DISCUSSION

16 In this action, ASKO Appliances wants to take Eltek's deposition pursuant to Federal Rule of
17 Civil Procedure 30(b)(6).  It is undisputed that ASKO Appliances is entitled to do so.  Fed. R. Civ.
18 P. 30(a)(1) & (b)(6); *see also* Joint Letter, ECF No. 77 at 4 ("Eltek in no way objects to Asko's right
19 to notice a deposition and has already designated a corporate witness from Eltek, Mr. Marco Moro,
20 the Director of Business & Development for Eltek's Appliance Unit.").  What is disputed, though, is
21 how best to coordinate Eltek's deposition in this case with Eltek's certain-to-occur depositions in
22 two other pending federal actions that involve nearly identical disputes between ASKO Appliances
23 and Eltek.  *See Swenton, et al. v. Asko Appliances, Inc.*, No. 3:09-cv-01208 (D. Conn.); *Automobile*
24 *Inc. Co. of Hartford, CT a/s/o Jay Weinstein and Ellyne Weinstein v. Asko Appliances, Inc., et al.*,
25 No. 2:09-cv-05017 (E.D.N.Y.).  The court notes that counsel for ASKO Appliances and Eltek
26 represent their respective parties in all three actions.

27 In short, ASKO Appliances wants to depose Eltek now and worry about the other depositions
28 later, while Eltek wants to have one deposition for all three cases.  Eltek believes this makes sense

C 10-01039 LB
3

because its designated witness, Marco Moro, will have to travel from Italy to attend the depositions. One deposition, it says, will conserve client, attorney, and judicial resources, especially because Mr. Moro will have to answer largely the same questions for each action.

In support of its position, Eltek refers the court to *In re Eli Lilly and Co. Patent Litig.*, 446 F.Supp. 242 (J.P.M.L. 1978). In that case, the Judicial Panel on Multidistrict Litigation denied the defendants' motion to transfer two federal actions pending in the Southern District of Florida and the Southern District of New York to the District of New Jersey, where a third federal action was pending, in part because the discovery accompanying the three actions would not be so time consuming as to justify transfer. *Id*. at 243-44. The Panel stated:

> We observe that suitable alternatives to Section 1407 transfer are available in order to minimize the possibility of duplicative discovery. For example, notices for a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions; and any party could seek orders from the three courts directing the parties to coordinate their pretrial efforts. *See In re Commercial Lighting Products, Inc. Contract Litigation*, 415 F.Supp. 392, 393 (Jud.Pan.Mult.Lit.1976). *See also* Manual for Complex Litigation, Parts I and II, § 3.11 (rev. ed. 1977). Moreover, the parties may seek stays of two of the actions pending the outcome of the third.

*Id*. at 244. Indeed, it appears that the court has many options when exercising its discretion to manage the discovery process when multiple, related cases are pending. *See* Federal Judicial Center, Manual for Complex Litigation (4th ed. 2004) §§ 11.423, 11:455, 20:14 (noting that courts should encourage techniques for coordinating discovery and avoiding duplication; discussing several options, including, for example, using joint deposition notices or agreements among the parties that discovery taken in one case can be used in related proceedings).

ASKO Appliances suggests that coordination of discovery is unwarranted because the three federal actions have not been consolidated by the Judicial Panel on Multidistrict Litigation. *See* Joint Letter, ECF No. 77 at 3 ("If Eltek wanted to have its PMK deposed one time for multiple federal cases, then Eltek should have moved to consolidate or coordinate the cases in the Judicial Panel on Multi-District Litigation."); *id*. ("Asko is entitled to depose Eltek's PMK in the manner it has chosen. Asko is merely following established rules of procedure. The instant action, the

1  *Weinstein* action, and the *Swenton* action are separate actions, in different District Courts."). But the
2  Federal Judicial Center's Manual for Complex Litigation specifically contemplates coordinating
3  discovery among similar – but unconsolidated – cases pending in different federal districts. *See*
4  Federal Judicial Center, Manual for Complex Litigation (4th ed. 2004) § 20:14 ("Coordination
5  Between Courts"). Moreover, the Federal Rules of Civil Procedure dictate that discovery should be
6  a cooperative process and not an *unreasonably* burdensome one. *See*, *e.g.*, Fed. R. Civ. P.
7  26(b)(2)(C) & (f); *see also* "The Sedona Conference Cooperation Proclamation," 10 SEDCJ 331,
8  332 (2009) (The Sedona Conference, a nonprofit legal policy research and education organization
9  comprised of judges, attorneys, and electronic discovery experts, states in "The Cooperation
10 Proclamation" that courts see discovery rules "as a mandate for counsel to act cooperatively."); *In re*
11 *Facebook PPC Advertising Litigation*, No. C09–03043 JF (HRL), 2011 WL 1324516, at *1 n.1
12 (N.D. Cal. Apr. 6, 2011) (citing The Sedona Conference's guidance with approval); *JSR Micro, Inc.*
13 *v. QBE Ins. Corp.*, No. C-09-03044 PJH (EDL), 2010 WL 1338152, at *3 (N.D. Cal. Apr. 5, 2010)
14 (same).
15 Given this context, the court believes it would be worthwhile to require the parties to meet and
16 confer once more to discuss an amicable solution to this problem. If they still are not able to come
17 to one, the court will discuss the matter with them further.

## V.  CONCLUSION

The parties are ordered to meet and confer within 7 days from the date of this order. If the parties are unable to resolve their dispute, they shall file a two-page joint letter that outlines their proposed compromises within 3 days from the parties' meet-and-confer session. Further, a telephonic hearing to discuss the matter will be scheduled for November 17, 2011 at 11:00 a.m. The parties shall contact the contact Courtroom Deputy Lashanda Scott ((510) 637-3525) no later than November 10, 2011 to make the necessary arrangements.

**IT IS SO ORDERED.**

Dated: October 31, 2011

_____
LAUREL BEELER
United States Magistrate Judge