*E-Filed 11/16/11*

1 | GEORGE D. YARON (SBN 96246)
gyaron@yaronlaw.com
2 | JAMES I. SILVERSTEIN (SBN 143643)
jsilverstein@yaronlaw.com
3 | YARON & ASSOCIATES
601 California Street, 21st Floor
4 | San Francisco, CA 94108
Telephone: (415) 658-2929
5 | Facsimile: (415) 658-2930

6 | THOMAS J. MARONEY (Admitted Pro Hac Vice)
tmaroney@maroneyoconnorllp.com
7 | ROSS HERMAN (Admitted Pro Hac Vice)
rherman@maroneyoconnorllp.com
8 | MARONEY O'CONNOR LLP
11 Broadway, Suite 831
9 | New York, NY 10004
Telephone: (212) 509-2009
10 | Facsimile: (212) 504-2754

11 | Attorneys for Defendant, Third-Party Plaintiff, and Counter-Defendant
ASKO APPLIANCES, INC.

12

13

14 | UNITED STATES DISTRICT COURT

15 | NORTHERN DISTRICT OF CALIFORNIA

16

17 | ALLSTATE INSURANCE COMPANY,                         ) CASE NO. CV 101039RS
                                                       )
18 |            Plaintiff,                              ) **STIPULATION REGARDING**
                                                       ) **DISCOVERY AND [PROPOSED]**
19 |     v.                                             ) **ORDER**
                                                       )
20 | ASKO APPLIANCES, INC., and DOES 1 to              )
    | 20,.                                             )
21 |                                                   )
    |            Defendants.                           )
22 | _____           )
                                                       )
23 | ASKO APPLIANCES, INC.,                            )
                                                       )
24 |            Third-Party Plaintiff,                 )
                                                       )
25 |     v.                                            )
                                                       )
26 | ASKO CYLINDA A.B., HONEYWELL                      )
    | INTERNATIONAL, INC., and ELTEK S.p.A.,           )
27 |                                                   )
    |            Third-Party Defendants.               )
28 | _____           )

1    IT IS HEREBY STIPULATED AND AGREED by and between Defendant/Third-Party

2    Plaintiff/Counter-Defendant ASKO APPLIANCES, INC. ("Asko"), and Third-Party Defendant

3    and Counter-Claimant ELTEK S.p.A. ("Eltek") (collectively "Parties"), by and through their

4    respective attorneys of record, pursuant to Local Rule 6-1(a), as follows:

5    WHEREAS, this is an insurance subrogation action arising out of a residential fire on

6    March 6, 2007.  The residence is located at 208 Fairmont St., San Francisco, CA, and is

7    reportedly owned by Gail Sabin.  The alleged cause of the fire is an Asko dishwasher, model 1385

8    ("subject dishwasher").  Plaintiff Allstate Insurance Company ("Allstate") sought reimbursement

9    of insurance proceeds, in the amount of $166,494.78, it allegedly paid to Gail Sabin, its insured,

10   from Asko, the distributor of the subject dishwasher

11   WHEREAS, Asko filed a Third-Party Complaint against, among others, Honeywell

12   International Inc. ("Honeywell"), and Eltek S.p.A. ("Eltek").  Honeywell manufactured the door

13   latch microswitch used in the subject dishwasher.  After conducting fact and expert discovery,

14   Asko determined that the Honeywell microswitch was not at fault in the instant action, and moved

15   to voluntarily dismiss Honeywell.   On July 18, 2011, the Court granted Asko's Motion to

16   Voluntarily Dismiss Honeywell.

17   WHEREAS, Eltek manufactured a waxmotor, model no. 100332.01, a component part in

18   the subject dishwasher.  Asko contends that a catastrophic failure of the Eltek waxmotor caused

19   the subject fire.  Eltek denies that the waxmotor caused the fire.

20   WHEREAS, on October 25, 2011, the Parties and Plaintiff Allstate Insurance Company

21   ("Allstate") participated in a Mandatory Settlement Conference with Magistrate Judge Donna M.

22   Ryu.  Asko settled with Allstate.  Thus, the only remaining claims are between Asko and Eltek.

23   Asko and Eltek are attempting to resolve their claims against each other in this action, and other

24   actions arising out of Asko dishwashers that allegedly caught fire.  Eltek has requested that Asko

25   provide it with certain documentation about pending claims against Asko that might involve Eltek.

26   Asko is in the process of obtaining that information. Eltek's position is that it needs to receive this

27   information regarding potential claims against Eltek before it can discuss globally resolving a

28   number of claims, including the instant action.

WHEREAS, there are two other currently pending Federal District Court cases involving Eltek

and Asko: (1) *Swenton, et al. v. Asko Appliances, Inc.*, United States District Court for the District of Connecticut, Case No. 3:09-cv-01208 ("*Swenton*"); and (2) *Automobile Inc. Co. of Hartford, CT. a/s/o Jay Weinstein and Ellyne Weinstein v. Asko Appliances, Inc., et al.*, United States District Court for the Eastern District of New York, Case No. 2:09-cv-05017 ("*Weinstein*"). In addition, there is a case pending in Montreal, Canada involving the Parties.

WHEREAS, the instant action is set for trial on September 10, 2012.

WHEREAS, the Parties have also been involved in a discovery dispute regarding the deposition of Eltek's Person(s) Most Knowledgeable ("PMK"). (Eltek has designated an individual that resides in Italy as its PMK.) Magistrate Judge Laurel Beeler has set a hearing for November 17th to resolve this dispute.

WHEREAS, the current deadline (a) for completion of non-expert discovery, and (b) for disclosure of expert reports intended solely to contradict or rebut evidence on the same subject matter identified by another party's expert, pursuant to Federal Rules of Civil Procedure 26(a)(2)(C)(ii) ("Rebuttal Expert Disclosure"), is November 18, 2011.

WHEREAS, the remaining non-expert discovery is comprised of the deposition of Eltek's PMK and the deposition of Asko's PMK. The Parties are working out a schedule to complete this discovery by December 18, 2011, in the event that they are unable to resolve the instant lawsuit.

THEREFORE the Parties stipulate that the deadline (a) for completion of non-expert discovery, and (b) for Rebuttal Expert Disclosure is continued 30 days to December 18, 2011.

**IT IS SO STIPULATED.**

YARON & ASSOCIATES

Dated: November 10, 2011

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Defendant/Third-Party
Plaintiff/Counter-Defendant
Asko Appliances, Inc.

LESTER SCHWAB KATZ & DWYER, LLP

Dated: November 7, 2011

PAUL L. KASSIRER
STEVE GETZOFF
Attorneys for Third-Party Defendant/Counter-Claimant
Eltek, S.p.A.


PURSUANT TO THE STIPULATION, IT IS SO ORDERED.


DATED:  11/16/11

UNITED STATES DISTRICT JUDGE
RICHARD SEEBORG

Stipulation                                        G:\3393\stipulationdiscoveryrebuttalexpert1107.wpd